IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALBERT KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-190-WKW |
| | ) | |
| OFFICER REGINALD | ) | |
| ANDERSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is Plaintiff's motion to alter, amend, or vacate the judgment, or, in the alternative for reconsideration. (Doc. # 110.) Plaintiff has also filed a Notice to the Court correcting the court's mistaken belief that Plaintiff failed to submit electronic evidence cited in his opposition to Defendants' motion for summary judgment. (Doc. # 109.) After locating and examining the electronic evidence and reviewing Plaintiff's arguments in support of his motion, the court concludes the motion is due to be denied.

### *Electronic Evidence*

In Plaintiff's Notice (Doc. # 109), counsel represents that when she hand-delivered her courtesy copies of her opposition briefs to chambers in April 2014, she pointed out to the receiving law clerk that a flash drive for storing electronic

media was attached to one of the rings of one of the binders.  The flash drive contained exhibits in support of Plaintiff's briefs.  Unfortunately, the clerk was not assigned to Plaintiff's case, and counsel's oral message was not conveyed.  The flash drive, which is small, went unnoticed in the courtesy-copy binder.

When Defendants' motions for summary judgment were submitted before the court, the court believed that Plaintiff's counsel neglected to furnish the electronic exhibits, cited in the opposition briefs as Exhibits E and N.  Plaintiff filed no flash drive, disc, or any other media storage device with the Clerk's Office.  In order to avoid *ex parte* communication with counsel, chambers requested that an employee of the Clerk's Office contact Plaintiff's counsel by phone to request Plaintiff's electronic evidence.  An employee of the Clerk's Office telephoned Plaintiff's counsel's office during normal business hours at least once on May 21, 2014, and left a message for Plaintiff's counsel with Anthony Bush, another attorney whom Plaintiff's counsel shares a landline.  There was no response from Plaintiff's counsel to the Clerk's Office.  Thus, the court noted in its Memorandum Opinion and Order, entered June 2, 2014, that "Mr. King ha[d] not provided the video to the Clerk of the Court, even after being reminded by telephone."  (Doc. # 106, at 5 n.5.)[1]

---

[1] In Plaintiff's recent Notice to the Court, counsel asserts that "[a]s far as [she] is aware," the video furnished to chambers is "sufficient."  (Doc. # 109, at 2.)  Plaintiff's counsel is advised that the Clerk of the Court – not the undersigned or any other judge – is the official record keeper

On June 30, 2014, twenty eight days after entry of the Memorandum Opinion and Order, counsel informed the court of its oversight, and the small silver flash drive was sought and found in a white binder, attached to one of the binder's rings, just as Plaintiff's counsel assured the court. The court regrets the oversight of the electronic evidence submitted with the courtesy copies of Plaintiff's opposition briefs. However, the record should reflect that, until today, the electronic evidence was not part of the record maintained by the Clerk of the Court.

### *Relief Requested*

In Plaintiff's pending motion, he contends that the court's judgment must be altered, amended, or vacated because it contains a clear error or will result in manifest injustice. (Doc. # 110, at 1.) Plaintiff asserts that the court must consider (1) the video of the events of September 17, 2011 in Cellblock 4-B, and (2) the x-rays of his fractured hand. The court has reviewed the video and the x-rays, and neither supports the relief Plaintiff requests.[2]

---

of the court's civil docket. *See* Fed. R. Civ. P. 79(a)(1). Anything considered by the court must be made part of the official record, and counsel should have furnished the electronic exhibits to the Clerk's Office.

To preserve the record, the court will direct the Clerk of the Court to include the flash drive as Exhibits E and N to Documents 101 and 102.

[2] The video footage from September 17, 2011, is accessible by clicking the "EZViewLog500" icon within each of the video exhibit folders on the flash drive.

The video evidence shows camera footage from two angles of the Cellblock where Plaintiff was assaulted by a fellow inmate with a broom handle, as well as footage of Officer Anderson in the control booth observing and reacting to the assault. The video footage aligns with Defendants' representation of events – *i.e.*, the time that the fight broke out, the immediate reaction of Officer Anderson on his radio to request support from other officers, and the total wait time of between two and three minutes before enough officers arrived and were able to jointly enter the Cellblock to stop the assault and restore order. (*See* Doc. # 106, at 5.) The court's summary judgment findings that the Defendant Officers were not deliberately indifferent in their failure to intervene or in their failure to appreciate a substantial risk of harm to Plaintiff are not clearly erroneous in light of the video evidence.[3] Hence, consideration of the video does not impact the court's conclusions.

Similarly, the x-ray images furnished on the flash drive do not affect the court's ruling on Defendants' motions for summary judgment. The x-ray images are from October 5, 2011, and October 26, 2011 – the two dates that Montgomery County transported Plaintiff to see Dr. Mattox about his fractured hand. Defendants never disputed that Plaintiff's hand was fractured during the altercation on September 17, 2011 or that x-rays taken in October 2011 supported the

---

[3] Plaintiff also suggests that the court failed to consider the video evidence to support his allegation that inmates were permitted to use the broom to change the TV channel in their dorm, but the court accepted Plaintiff's allegation as true, even without seeing the video footage, because the Defendant Officers admitted that fact.

diagnosis of a fractured hand. It is therefore unclear how the court's non-consideration of the x-ray images was erroneous when the x-ray images confirm undisputed facts. The only mention of inadequate *medical* evidence in the Memorandum Opinion and Order is in Part IV.C.2.c., with respect to Defendant Dr. Gurley, where the court concluded that Plaintiff lacked evidence showing a permanent physical injury to his hand. (*See* Doc. # 106, at 30–31.) Plaintiff asserts in his motion that the court's consideration of the October 2011 x-rays will impact the court's conclusion that Dr. Gurley is entitled to summary judgment on the deliberate indifference to medical needs claim. (*See* Doc. # 110, at 2 n.1.) Plaintiff fails to appreciate that x-rays from 2011 do not prove a permanent injury.

Finally, Plaintiff uses his motion to reassert arguments offered at summary judgment. Curiously, Plaintiff contends that "[t]he [c]ourt failed to address Plaintiff's claims [and] arguments against the [D]efendant [O]fficers Anderson, Postell, Scarver, and Ford on summary judgment." (Doc. # 110, at 2.) Plaintiff requests that the court "consider [these claims] for the first time" because the court resolved Defendants' motions for summary judgment "without ever analyzing or discussing them." (Doc. # 110, at 2–3.) The court declines Plaintiff's invitation to analyze his claims in the first instance because each of Plaintiff's three constitutional claims was considered thoroughly in the Memorandum Opinion and Order granting Defendants' motions for summary judgment, including the two

constitutional claims of deliberate indifference against the Officer Defendants. (*See* Doc. # 106, at 12–13 (resolving claims against Officer Ford); at 17–25 (analyzing claims against Officers Anderson, Postell, and Scarver); 17–21 (addressing specifically Plaintiff's claim that these Defendant Officers "created" and "allowed" the risk of harm to Plaintiff).)

### *Conclusion*

For the foregoing reasons, Plaintiff's motion to alter, amend, or vacate the judgment, or in the alternative, for reconsideration, (Doc. # 110), is DENIED.

It is further ORDERED that the Clerk of the Court is DIRECTED to label and preserve the flash drive submitted to chambers as Exhibits E and N to Plaintiff's Documents 101 and 102.

DONE this 2nd day of July, 2014.

_____
/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE