IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERT KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-190-WKW |
| ) | |
| OFFICER REGINALD ) | |
| ANDERSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the court is Plaintiff Albert King's motion for reconsideration of the court's order denying his motion to proceed *in forma pauperis* on appeal. (Doc. # 120.)  Upon consideration of Plaintiff's motion for reconsideration, the court concludes that the motion is due to be granted.

**I. BACKGROUND**

Plaintiff claims that his constitutional rights were violated by four jail officers[1] who are employed at the Montgomery County Correctional Facility and one doctor who treats inmates at the same facility but who is employed by a private company.  While in custody at the facility, Plaintiff was attacked by two fellow inmates, resulting in a fractured bone in Plaintiff's hand, among other lesser

---

[1] The court concluded that claims against one of the Defendant-Officers had been abandoned. (Doc. # 106, at 12–13.)

injuries. One Saturday morning, officers allowed a group of inmates to retain possession of a broom, ordinarily used by the inmates for cleaning their cells, for the purpose of reaching a television to change the channel. Plaintiff claims that the officers were deliberately indifferent to a substantial risk of harm by allowing the inmates to possess and control the broom because another inmate used the broom's handle as a weapon against Plaintiff. He also claims that the officers were deliberately indifferent in their failure to timely intervene to stop the attack. Finally, Plaintiff alleges that the doctor who treated him was deliberately indifferent to his serious medical needs because the provision of treatment by an outside orthopedist was delayed.

On June 2, 2014, the court entered a memorandum opinion and order granting summary judgment in favor of all Defendants on each of Plaintiff's three § 1983 claims for deliberate indifference. (Doc. # 106.) The opinion included a footnote that Plaintiff failed to furnish the Clerk of the Court with electronic evidence including a video. (*See* Doc. # 106, at 5 n.5). Final judgment in favor of Defendants was entered the same day that the summary judgment opinion issued. (Doc. # 107.)

Twenty-eight days later on June 30, 2014, Plaintiff's counsel filed a notice with the court that she had furnished Plaintiff's electronic evidence to the chambers of the undersigned, on a flash drive attached to a three-ring binder of the

courtesy copy of Plaintiff's briefs in opposition to Defendants' motions for summary judgment. (*See* Doc. # 109.) Plaintiff's counsel also left a message with chambers staff describing the flash drive. The same day, Plaintiff filed a motion to alter, amend, or vacate the court's judgment, or in the alternative, to reconsider its summary judgment ruling. (Doc. # 110.)

The court responded by locating the flash drive described by Plaintiff's counsel, which was in the courtesy copy binder furnished to chambers, but which had not been filed with the Clerk of the Court. The court reviewed the electronic evidence, which included video footage and x-ray evidence, and found that the evidence had no impact upon its prior conclusions because the evidence confirmed undisputed facts. As a result, the court entered an opinion and order on July 2, 2014, denying Plaintiff's motion and directing the Clerk of the Court to file Plaintiff's electronic evidence as Exhibits E and N to Plaintiff's briefs in opposition to Defendants' motions for summary judgment. (Doc. # 111.) The court also briefly considered and rejected Plaintiff's contention that the court's summary judgment opinion and order failed to address his arguments. The court pointed Plaintiff to the relevant sections of analysis discussing each of the contested claims. (Doc. # 111, at 5–6.)

On July 9, 2014, Plaintiff's counsel called an employee of the Clerk of the Court to make certain that the law clerk assigned to the case, who counsel called

the "kid who lost the video before kicking [her] case out," actually had provided the Clerk of the Court with Plaintiff's electronic evidence. The employee assured counsel that the evidence was in the file in the Clerk's Office. Her recorded message was forwarded to chambers.

On August 1, 2014, Plaintiff filed a notice of appeal. Plaintiff appeals the court's entry of Documents 106, 107, and 111. (Doc. # 112.) Plaintiff also filed a motion to proceed *in forma pauperis* on appeal. (Doc. # 115.) The court entered an order on August 4, 2014, denying the motion and certifying the appeal as not taken in good faith. (Doc. # 117.) In that order, the court certified, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff's appeal is not taken in good faith – in other words "frivolous" or lacking in "substantive merit." (Doc. # 117, at 1.)

Plaintiff promptly filed a motion for hearing, (Doc. # 118), which the court has construed as containing a motion for reconsideration of its August 4, 2014, order denying Plaintiff's motion for leave to proceed *in forma pauperis* on appeal.

## II. DISCUSSION

Attached to Plaintiff's motion to proceed *in forma pauperis* is the form required by the Eleventh Circuit Court of Appeals, which requires Plaintiff to identify his issues on appeal. (Doc. # 115-1.) Plaintiff identified three issues on the form.

4

First, Plaintiff proposes that this court "erred by dismissing the case without considering material video and x-ray evidence that was lost by the district court's staff." (Doc. # 115-1, at 1.)

Second, Plaintiff suggests that this court "erred by dismissing the case without ever considering Plaintiff's primary argument, of first impression in this circuit, that the willing and knowing introduction of a weapon into a prison by staff members to be used for improper purposes in violation of prison policy and federal law, was the creation of, ratification of, and deliberate indifference to the inherent danger and imminent threat posed by such officers' actions resulting in physical damage to Plaintiff." (Doc. # 115-1, at 1.)

Third, Plaintiff asserts that this court "erred when it claimed the video the [c]ourt staff lost made no difference in the outcome of the case when the video shows the officers watching the inmates use the weapon, in this case a broom stick, to change the channels on a television set, proving that they ratified and/or allowed such improper use of an item that is normally accounted for and locked away from prisoners when not being used for cleaning purposes." (Doc. # 115-1, at 1.)

The question is whether all of these issues are frivolous. An appeal is "frivolous" where "none of [its] legal points are arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Anders v. California*, 386 U.S. 738 (1967)) (alterations omitted).

A.  **The Court's Non-Consideration of Electronic Evidence**

In his first issue statement, Plaintiff accuses the court of erring in losing his electronic evidence and thus, not considering it when entering summary judgment in Defendants' favor.  However, there is no dispute that Plaintiff's counsel did not furnish the electronic evidence to the Clerk of the Court.  When reviewing Plaintiff's summary judgment submissions, the court sought the electronic evidence from the Clerk's Office, and it was not to be found.  The court even asked the Clerk's Office to call Plaintiff's counsel about the apparent absence of the evidence.  When Plaintiff's counsel did not respond, the court proceeded without the evidence.  It was not erroneous for the court to ignore what was not in the record, and therefore, Plaintiff's first issue on appeal is frivolous and not taken in good faith.

B.  **The Court's Subsequent Review of the Electronic Evidence**

Plaintiff similarly contends in her third issue statement that the court erred by ruling that the non-considered video evidence had no impact upon the court's original analysis and conclusions.  Plaintiff avers that the video evidence shows inmates using the broom stick to change the channel on a television, and indeed, it does.  But Officer Anderson admitted allowing the inmates to use the broom for the purpose of changing the channel on the morning that Plaintiff was injured.  (*See* Doc. # 106, at 3–4.)  Officer Postell also admitted seeing the inmates with the

broom prior to the fight. (*See* Doc. # 106, at 3 n.3.) Hence, the court's analysis proceeded under these representations, which are consistent with what the video footage shows. (*See* Doc. # 106, at 19.)

The court specifically addressed these facts in its July 2, 2014 opinion and order, (*see* Doc. # 111 at 4 n.3), and does so again in view of Plaintiff's persistence in alleging that the court has committed error with respect to the electronic evidence. Plaintiff's deliberate indifference claims were not analyzed on mistaken factual information. It was not error, therefore, when the court denied Plaintiff's motion to alter, amend, or vacate its judgment. The court deems Plaintiff's third issue on appeal as frivolous and not taken in good faith.

C. **The Novelty of Plaintiff's Claim for Deliberate Indifference to Substantial Risk of Serious Harm**

Finally, in Plaintiff's second and third issue statements, he asserts that the court did not consider his primary argument that the Defendant-Officers' entrustment of a weapon (*i.e.*, the broom handle) to the inmates for an improper purpose (*i.e.*, to change the television channel rather than to sweep their cells) constitutes deliberate indifference to a substantial risk of serious harm. Plaintiff also asserts that the question is one of first impression on the Eleventh Circuit.

As stated previously, the court *did* consider Plaintiff's argument, but concluded that under the facts of this case, Plaintiff failed to show "a strong

7

likelihood rather than a mere possibility" that an inmate in possession of a broom handle could pose a threat of serious harm to another inmate. (Doc. # 106, at 20.) The court also found that, even if Plaintiff could show the requisite "strong likelihood" of harm, he had not shown how the Defendant-Officers' conduct amounted to "more than mere negligence."[2] (Doc. # 106, at 21.) The court remains convinced that Plaintiff did not show that Defendants acted with a culpable state of mind as opposed to negligence. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994) ("To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind."). But the court agrees with Plaintiff that the question is not posed in bad faith, and is therefore not frivolous in the context of a motion for leave to proceed *in forma pauperis*.

### III. CONCLUSION

In accordance with the foregoing analysis, it is ORDERED that Plaintiff's motion for reconsideration of the motion to proceed *in forma pauperis* on appeal is GRANTED. The court's August 4, 2014 order (Doc. # 117) is VACATED, and Plaintiff's motion to proceed *in forma pauperis* on appeal (Doc. # 115) is GRANTED.

---

[2] There is some disharmony in Eleventh Circuit deliberate indifference case law about whether deliberate indifference is evidenced by conduct that is more than *mere* negligence as opposed to more than *gross* negligence. Here, the court applied the "more than mere negligence" standard, which is more lenient to Plaintiff.

DONE this 12th day of August, 2014.

                          /s/ W. Keith Watkins
                CHIEF UNITED STATES DISTRICT JUDGE